**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                                  No. 4:07CR00243 JLH

KSANDRA ANN SMITH                                                                                            DEFENDANT

**OPINION AND ORDER**

Ksandra Ann Smith has filed a petition requesting an order expunging the record of her conviction in this action.  She also asks the Court to order that fingerprints, photographs, and palm prints taken during and following her arrest be "returned" to her.  She further asks that her arrest be deemed a nullity and that she be restored, in contemplation of the law, to the status that she held before her arrest.

Smith entered a guilty plea to one count of access device fraud, a violation of 18 U.S.C. § 1029(a)(2).  On December 18, 2008, the Court sentenced her to three years probation.  In her petition she recites that she is a first-time offender, having never been arrested before or after the event that gave rise to her conviction in this case.  She states that she is a single mother of three and a grandmother of four infant children, and that she is the sole provider for all of them.  She states that she has complied with all terms of her probation and supervision without incident, that she is truly remorseful, has repented, and has changed her life for the best.  She states that she is gainfully employed and currently enrolled at the University of Arkansas in a program in early childhood education.  She seeks to qualify as an education administrator under the Arkansas Department of Education but is concerned that her criminal conviction will harm her professional future.

As noted, judgment was entered in this action on December 18, 2008.  Smith did not appeal the judgment, so that judgment became final at that time.  *United States v. Martin*, 913 F.2d 1172,

1174 (6th Cir. 1990) (absent an appeal, a district court is divested of jurisdiction when the time for an appeal from the judgment and commitment order has expired).  In December 2008, a notice of appeal from a criminal judgment had to be filed within ten days after entry of the judgment.  This Court's jurisdiction in this case ended no later than Monday, December 29, 2008.  Smith does not seek expungement pursuant to any statutory authority,[1] so the only possible source of jurisdiction to consider her petition is ancillary jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231.

At one time, the Eighth Circuit held that United States District Courts had an inherent but narrow power to expunge federal criminal records in extreme cases.  *See Geary v. United States*, 901 F.2d 679, 679-80 (8th Cir. 1990); *United States v. Bagley*, 899 F.2d 707, 707-08 (8th Cir. 1990); *United States v. Doe*, 859 F.2d 1334, 1335-36 (8th Cir. 1988); *United States v. McMains*, 540 F.2d 387, 389-90 (8th Cir. 1976).

Those cases, however, predate the decision of the Supreme Court in *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).  The issue in

---

[1] Congress has specifically provided for expungement or related remedies in narrowly defined circumstances. *See, e.g.*, 5 U.S.C. §§ 552a (d), (g)(1)(C) (allowing claims to amend public records that are inaccurate); 10 U.S.C. § 1565(e) (mandating expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607(c) (allowing for expungement of criminal records in certain drug possession cases); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (allowing for expungement of DNA records held by the FBI in certain cases where a conviction is overturned). Also, federal courts have upheld the expungement of criminal records as a remedy for arrests or prosecutions that violate federal statutes or the constitution. *United States v. Cosme-Rivera*, 556 F. Supp. 2d 66, 67 (D. Puerto Rico 2008).

*Kokkonen* was whether a district court in a civil case had ancillary jurisdiction to enforce a settlement agreement pursuant to which an action in that court had been dismissed. The Supreme Court said that the doctrine of ancillary jurisdiction "recognizes federal courts' jurisdiction over some matters (otherwise beyond their competence) that are incidental to other matters properly before them." 511 U.S. at 378, 114 S. Ct. at 1676. As to the parameters of ancillary jurisdiction, the Court said:

> Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.

*Id.* at 379-80, 114 S. Ct. at 1676 (citations omitted). The Court then held that neither basis for ancillary jurisdiction justified the exercise of jurisdiction over an alleged breach of a settlement agreement pursuant, absent retention by the court of jurisdiction to enforce the settlement agreement.

In light of *Kokkonen*, the Eighth Circuit reconsidered the issue of whether a district court has inherent authority to expunge the record of a criminal conviction in *United States v. Meyer*, 439 F.3d 855, 859-62 (8th Cir. 2006). Because Meyer did not seek expungement pursuant to any statutory authority, the district court's jurisdiction to expunge the record could only come from the exercise of ancillary jurisdiction incidental to the court's original jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231. The Eighth Circuit held, "a motion to expunge a criminal record that is based solely on equitable grounds does not invoke the ancillary jurisdiction of the district court." *Meyer*, 439 F.3d at 860.[2] The First, Third, Sixth, and Ninth Circuits have held, based on *Kokkonen*,

---

[2] *Meyer* left open the possibility that a "district court may have ancillary jurisdiction to expunge criminal records in extraordinary cases . . . to correct an injustice caused by an illegal or invalid criminal proceeding." *Meyer*, 439 F.3d at 861-62.

that federal district courts lack ancillary jurisdiction to entertain motions for expungement of criminal records apart from specific statutory authority. *See United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010); *United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *United States v. Dunegan*, 251 F.3d 477, 480 (3rd Cir. 2001); and *United States v. Sumner*, 220 F.3d 1005 (9th Cir. 2000). *See also United States v. Grimes*, 2007 WL 2381986 (E.D. Ark. Aug. 17, 2007) (following *Meyer* in holding that a district court has no authority to order expungement of a criminal record apart from one of the statutory bases); *United States v. Johnson*, 2009 WL 1955401 (E.D. Ark. July 6, 2009) (same).

Smith does not claim that the proceedings that resulted in her conviction were illegal or invalid. Instead, she argues that her lack of a criminal history and her good conduct after her conviction justify an order expunging the record of her conviction, which means that Smith asserts equitable grounds for expungement. *See Coloian*, 480 F.3d at 51, n.6 ("When we refer to 'equitable grounds,' we mean grounds that rely only on notions of fairness and are entirely divorced from legal considerations.") Pursuant to *Meyer* and the other authorities cited, this Court lacks ancillary jurisdiction to consider Smith's petition. Therefore, the petition for expungement is DENIED. Document #32.

IT IS SO ORDERED this 19th day of November, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

4